# IN THE COURT OF APPEALS OF IOWA

No. 14-1810
Filed February 11, 2015

**IN THE INTEREST OF J.T. and R.T.,**
**Minor Children,**

**P.F., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

H. Richard Webster, Des Moines, for appellant mother.

Alexander Smith of Burdette Law Firm, P.C., Clive, for father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Amanda Johnson, Assistant County Attorney, for appellee State.

Michelle Saveraid of the Youth Law Center, Des Moines, for minor child.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

A mother appeals from the juvenile court's order terminating her parental rights to her children, J.T. and R.T.[1] The mother maintains that the children could be returned to her care if she was given a six-month extension to work towards rehabilitation. She also maintains that termination is not in the best interests of the children and it is unnecessary because the maternal grandmother has legal custody of the children, pursuant to Iowa Code section 232.116(3)(a) (2013). Because we cannot say the conditions that led to removal would no longer exist if the mother was granted a six-month extension, termination is in the best interests of the children, and no permissive factors weigh against termination, we affirm the juvenile court's order terminating the mother's parental rights to both children.

**I. Background Facts and Proceedings.**

The family came to the attention of the Iowa Department of Human Services (DHS) in November 2013. At the time, the mother had left eleven-month-old J.T. home alone while she went to the store. At the time she was nine months pregnant with R.T. The mother got in a car accident and required medical attention. The mother admitted that she left J.T. home alone and that she had recently used a type of synthetic marijuana while pregnant. Based on the incident, the State filed a petition alleging J.T. and R.T. were children in need of assistance. The children remained in the mother's custody.

---

[1] The State has also filed a petition to terminate the parental rights of the children's father. The father did not receive service of notice regarding the termination proceedings. Insofar as it pertained to the father, the termination hearing was continued to a later date.

On February 23, 2014, the mother took the children to the home of the maternal grandmother. R.T. was in severe respiratory distress, and the grandmother took him to the hospital. R.T. was admitted and had to stay in the hospital for several days, including two days in the intensive care unit.

The children were adjudicated children in need of assistance (CINA) on February 27, 2014. They were removed from the mother's care and placed in the legal custody of the maternal grandmother.

At the termination hearing, the mother admitted using marijuana throughout the pendency of the case. She had been unsuccessfully discharged from a drug treatment rehabilitation program in April 2014 and admitted using marijuana as recently as two or three weeks before the hearing. She also admitted she had been diagnosed with depression, stress, and anxiety, but took her prescribed medications "sometimes," and only because "you guys are making me." She initially testified that she did not need therapy and would not go but later agreed she would attend if given another six months to work towards reunification. The mother's visits with the children were suspended for more than three months after she became belligerent with a family safety, risk and permanency provider in April 2014. She threatened to take J.T. and leave. She was required to complete a mental health evaluation before visits would resume, but she did not provide the evaluation to DHS until August 4, 2014.

At the time of termination hearing on October 15, 2014, the mother was residing in the Polk County jail with pending charges of possession of marijuana and probation violations. The mother had been arrested in May 2014 for aggravated theft, July 2014 for possession of drug paraphernalia, and August

2014 for criminal mischief in the fourth degree. There was also a warrant for the mother's arrest in Benton County for failure to appear on speeding and driving-while-license-barred charges.

Following the termination hearing, the juvenile court entered an order terminating the mother's parental rights to both J.T. and R.T pursuant to Iowa Code sections 232.116(1)(d) and (h). The mother appeals.

## II. Standard of Review.

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *D.W.*, 791 N.W.2d at 706. An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III. Discussion.

Iowa Code chapter 232 termination of parental rights follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the

court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

### A. Grounds for Termination and Six-Month Extension.

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. Iowa Code section 232.116(1)(h) provides that termination may be ordered when there is clear and convincing evidence the child is three years of age or younger, has been adjudicated a CINA, has been removed from the physical custody of the parent for at least six of the last twelve months, and cannot be returned to the parent's custody at the time of the termination hearing.

The mother does not dispute the statutory grounds for termination have been met under section 232.116(1)(h). Rather, she contends the juvenile court should have awarded her an additional six months to work towards reunification pursuant to Iowa Code section 232.104(2)(b).

At the time of the termination hearing, the mother was in jail pending charges. She had lost her job and was homeless. She admitted recently using marijuana and stated she was only taking her medications because she was made to. She had not attended therapy and refused to participate in needed services. As the juvenile court recognized:

> [The mother] loves her children very much, and her pleas for the Court to allow her time so she can participate in services are heartbreaking. But, to return the children to their mother at this time or in the foreseeable future would subject them to great instability and uncertainty inflicted by their parent.

We cannot say the issues that led to removal will no longer exist if the mother is given a six-month extension. She admitted using marijuana throughout the pendency of these proceedings and continues to face new criminal charges. We agree with the juvenile court that the extension is not warranted.

**B. Best Interests.**

Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of a child after a review of section 232.116(2). *P.L.*, 778 N.W.2d at 37. In determining the best interests of a child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2).

The mother contends termination of her parental rights was not in the best interests of the children. However, the children have thrived in the maternal grandmother's care. She is willing and able to provide for their long-term needs. Termination will allow J.T. and R.T. to achieve permanency. *See In re A.M.*, 843 N.W.2d 100*,* 113 (Iowa 2014) (noting the "defining elements in a child's best interest" are the child's safety and her "need for a permanent home" (citing *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially)). We agree with the juvenile court's finding that it is in the children's best interests to terminate the mother's parental rights.

**C. Potential Grounds Not to Terminate**

Iowa Code section 232.116(3) provides that "[t]he court need not terminate the relationship between the parent and child" under certain circumstances. *See P.L.*, 778 N.W.2d at 39. "The factors weighing against

termination in section 232.116(3) are permissive, not mandatory, and the court may use its discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship. *A.M.*, 873 N.W.2d at 113.

The mother maintains termination is unnecessary pursuant to Iowa Code section 232.116(3)(a) because the maternal grandmother has legal custody of the children. The children were removed from the mother's care when J.T. was approximately fourteen months old and R.T. was three months old. During the pendency of the case, the mother went months without seeing the children albeit in part due to her visitation being suspended. The record indicates the children are bonded with their grandmother and are thriving in her care. Allowing for the possibility the mother may someday come back into the children's lives subjects the children to future uncertainty and instability. We do not believe the permissive factor makes termination unnecessary in light of the children's need for permanency.

**IV. Conclusion.**

There is clear and convincing evidence that grounds for termination exist under section 232.116(1)(h), termination of the mother's parental rights is in the children's best interests pursuant to section 232.116(2), and no consequential factor weighing against termination in section 232.116(3) requires a different conclusion. Accordingly, we affirm termination of the mother's parental rights to both children.

**AFFIRMED.**